UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:       DANIEL SMITH, III                    CASE NO. 12-15279
             DEBTOR                                CHAPTER 13

_____

MOTION FOR RELIEF FROM ORDER RE: TRUSTEE'S OBJECTION TO
CONFIRMATION OF PLAN (Docket No. 42) PURSUANT TO F.R.C.P. 60
_____

COMES NOW the Debtor by and through counsel of record and files this Motion for Relief from Order Re: Trustee's Objection to Confirmation of Plan Pursuant to F.R.C.P. 60 and would respectfully state unto this honorable Court as follows:

1) That on June 25, 2013 the herein referenced Order was granted in favor of the Trustee denying confirmation of the Debtor's plan of reorganization and allowing 30 days for the amendment of debtor's schedules and for the submission of a feasible plan.

2) However, said Objection to Plan Confirmation (Docket No. 35) brazenly asked that the Debtor be suspended from or banned by this Court from being allowed to submit a subsequent bankruptcy petition.

3) F.R.B.P. 9014 provides as follows:

CONTESTED MATTERS;

(a) MOTION. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

(b) SERVICE. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by Rule 5(b) F. R. Civ. P.

Banning the Debtor from filing a subsequent bankruptcy petition is extraordinary relief which

may properly be considered as the most contentious and contested of matters which may arise before this honorable Court. The Objection to Plan Confirmation at issue specifically sought that Debtor be "prohibited from filing another bankruptcy petition for no less than a period of 180 days."

    4) Rule 9014 requires that an Objection seeking extraordinary relief (i.e. banning a debtor from filing) must be served in accordance with Rule 4 strictures concerning a summons and complaint. This was not done. Rather, ordinary ECF filing and service was conducted. In fact, no extraordinary notice or attempted negotiation of any kind was made before the filing of the Objection to Proof of Claim in question. The severity of sanction sought understandably and in accordance with the cited Rule requires additional safeguards. These safeguards were not rendered.

    5) The lack of service in this instance is jurisdictional as is contemplated by Rule 9014's reference to the service of a Summons. Debtor submits that ORDER RE: TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN (Docket No. 42) is void for lack of service, insufficiency of process and violation of the Rule 9014.

    6) F.R.C.P. 60(b) provides a one year window for relief from an order or judgment due to (1) inadvertence or excusable neglect, (4) the judgment is void, (6) or any other reason justifying relief from the operation of a judgment.

In this instance, Debtor was not afforded adequate notice of the Trustee's Objection to Confirmation of Plan due to the failure of service and the aforesaid Rule violation. Therefore, the Debtor was not adequately apprised of the actions and relief sought by the Trustee. This lack of notice allowed the Trustee to procure the Order in question through the inadvertence and

excusable neglect of the Debtor. For this reason the Order should be overturned. This failure of service also creates a jurisdictional problem as to the Debtor considering Rule 4 style service is required in this instance. This could render the Order void. In any event, the Debtor is entitled to relief under the catch all provision as it is quite apparent that the Trustee's office seeks vindictive action against the Debtor without adequate knowledge of the facts of this case and without attempting to gain further understanding by communicating with Debtor's counsel as no communication as to the circumstances justifying banning the Debtor was made.

WHEREFORE PREMISES CONSIDERED the Debtor respectfully asks this honorable Court to Order that the Order referenced herein (Docket No. 35) is overturned and rendered void.

Respectfully submitted,

/s/Daniel Lofton
Daniel Lofton , BPR#102848
The Law Office of Craig & Lofton, P.C.
100 North Main Street, Suite 923
Memphis, TN 38103
OFFICE:     (901)526-7837
FAX:        (901)526-0234

Certificate of Service

I, Daniel Lofton, do hereby certify that the above Motion for Relief was filed via the ECF system and served upon all parties registered to receive electronic notice thereby. This the 19th day of September, 2013 and that service of said Motion will be effected in accordance with Rule 4 prior to hearing thereon.

/s/Daniel Lofton
Daniel Lofton